Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

06 - 320

| United States District Court | District **State of Delaware** |
|---|---|

| Name (under which you were convicted): **Manuel Nieves** | Docket or Case No.: |
|---|---|

| Place of Confinement: **Delaware Correctional Center** | Prisoner No.: 00464723 |
|---|---|

Petitioner (include the name under which you were convicted)      Respondent (authorized person having custody of petitioner)

v.

| **Manuel Nieves** | **State of Delaware** |
|---|---|
| The Attorney General of the State of | **Delaware.** |

FILED

MAY 17 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION

BO Scanned
IFP

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
**Superior Court New Catle County**

(b) Criminal docket or case number (if you know): **0107022700**

2. (a) Date of the judgment of conviction (if you know): **3/1/02**

(b) Date of sentencing: **5/24/02**

3. Length of sentence: **322 Year**

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____
**Rape 1st, 2nd and unlawful Sexual contact and one charge of**
**continuus abuse of a child.**

6. (a) What was your plea? (Check one)
   (1)  Not guilty ☒      (3)  Nolo contendere (no contest) ☐
   (2)  Guilty ☐           (4)  Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
charge, what did you plead guilty to and what did you plead not guilty to? _____
**N/A**

Page 3

(c) If you went to trial. what kind of trial did you have? (Check one)

Jury ☒       Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    Yes ☒  No ❑

8.  Did you appeal from the judgment of conviction?

    Yes ☒  No ❑

9.  If you did appeal. answer the following:

    (a) Name of court: **Suprenme Court State of Delaware**

    (b) Docket or case number (if you know): **352,2002**

    (c) Result: **Affinmed Conviction.**

    (d) Date of result (if you know): **3/14/2003**

    (e) Citation to the case (if you know): **352,2002**

    (f) Grounds raised: **I. The DeFENDANT WAS DENIED THE RIGHT TO A FAIR TRIAL BECAUSE THE TRIAL COURT EXPRESSED APPROVAL OF THE JUVENILE COMPLAINANT"S TESTIMONY AND DID NOT MAINTAIN IMPARTIALITY BEFORE THE JURY.**

**II. THE DEFENDANT WAS DINIED A FAIR TRIAL BECAUSE THE TRIAL COURT WOULD NOT PERMIT THE DEFENDANT TO OFFER EVIDENCE OF HIS GOOD CHARACTER.**

    (g) Did you seek further review by a higher state court?  Yes ❑  No ☒

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

    (h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ❑  No ☒

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

Page 4

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes X   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: SuperiorCourt State of Delaware

     (2) Docket or case number (if you know): CRID# 0107022700

     (3) Date of filing (if you know): 6/8/2004

     (4) Nature of the proceeding: Post Con.Relief

     (5) Grounds raised: Ineffective assistance of counsel

       Constitutional vialation

       Judicial misconduct

       Insarfficientevidence

_____

_____

_____

_____

_____

     (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No X☐

     (7) Result: Denied

     (8) Date of result (if you know): 8/16/2004

   (b) If you filed any second petition, application, or motion, give the same information:

     (1) Name of court: NO

     (2) Docket or case number (if you know): N/A

     (3) Date of filing (if you know): N/A

     (4) Nature of the proceeding: N/A

     (5) Grounds raised: N/A

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❏   No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____**NO**_____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❏   No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    Yes ☒   No ❏

    (2) Second petition:    Yes ❏   No ❏

    (3) Third petition:    Yes ❏   No ❏

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____**N/A**_____

_____

_____

12. For this petition. state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court. you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition. you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** SeeAttached

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
     Yes ☐    No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: Was not
  Raised by defence Attorney- Not sure why

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
     state trial court?          Yes ☒    No ☐

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: Ineffective Showing Constitutional vaolations

  Name and location of the court where the motion or petition was filed: Superior
                    New castle

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ❑   No ☒

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Supreme Court_____

_____

Docket or case number (if you know): __381-2004_____

Date of the court's decision: __09/14/2004_____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: __N/A_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____
           N/A

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two. explain why: _____

_____
_____
_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction. did you raise this issue?

        Yes ❏   No ❏

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____
_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ❏   No ❏

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❏   No ❏

    (5) If your answer to Question (d)(4) is "Yes." did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Page 9

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ❑   No ❑

(2) If your answer to Question (d)(1) is "Yes." state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

     Yes ❑   No ❑

(4) Did you appeal from the denial of your motion or petition?

     Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

     Yes ❑   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ❑

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ❑ No ❑

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion or petition?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion or petition?

   Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏  No ❏

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ❏   No ❏

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ❏   No ❏

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____.

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ❑     No ❑
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
   (a) At preliminary hearing: _____

_____

   (b) At arraignment and plea: _____

_____

   (c) At trial: _____

_____

   (d) At sentencing: _____

_____

   (e) On appeal: _____

_____

   (f) In any post-conviction proceeding: _____

_____

   (g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ❑   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the
future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to
be served in the future?    Yes ❏  No ❏

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not
bar your petition.*  Until April 18 2006 No _____

_____ time Bar and as per _____

_____ State Motion  (61 petition) _____

_____ page 2  was  Addressed _____

_____ As  Constitutional  Violation _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court. The limitation period shall run
from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: __REMANDED__

**FOR NEW TRIAL.**

or any other relief to which petitioner may be entitled.

__PRO.SE.__

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ 5/15/06 (date).

*Manuel Nieves*

Signature of Petitioner

---

*(...continued)

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____.

## IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

In the States answer to the Supreme
Court of the State of Delaware Ms McFarlan
quotes Superior Court Criminal Rule
61 (i) (3) failure to raise, and argues
Appellant's arguments I - V should be
denied which included constitutional violations
and how these violation made appellants
attorney ineffective. First appellant would
like to address constitutionality of ineffective
assistance of counsel. Appellant understands
that this [must] be addressed as an individual
argument in Superior Court at which time
has [not] been done so pursuant to the
interest of justice under Superior Court
Criminal Rule 52 (b) Delaware Rules Annotated
2005 Edition Vol. 1 we quote:

     Rule 52 (b) Plain error - plain error
or defects affecting substantial rights may
be noticed although they were not brought
to the attention of the Court." see Taylor v
State 464 A2d 897, 899. Del. Sup. 1983.

     Also under 28 USCA 2254 it says
or addresses Rule 61 (i) (5) bars of relief
when it says " The bars to relief in
paragraph (1), (2), and (3) of this subdivision
shall [NOT] apply to a claim that the
court lacked jurisdiction or to a
colorable claim that undermined the

fundamental legality, reliability, integrity
or fairness of the proceedings leading
to the judgement of conviction".
     To address these constitutional violations
we first would like to quote Powell v
Alabama 53 SCt. 55 which language
emphasizes the right to counsel is not
limited to trial; it is recognized "at
every stage of proceedings" It applies at
'critical' stages of a criminal justice
process where the results might well
settle the accused fate and reduce the
trial to a mere formality" see Moulton
474 US @ 170 (quoting US v Wade
875 SCt. 1926) also in Moulton it
says statements taken in violation of the
right to counsel are inadmissible at
trial eg id @ 180    106 SCt. @ 489.
     The 3rd Circuit of Appeals has held
that " an improper outright denial of the
6th Amendment right to Counsel constitutes
" cause [ for a procedural default ]"
     Fishetti v Johnson 384 F3d 140, 154
3rd Cir 2004    4th Amendment.
     In Mitchell v Mason 325 F3d 732
defense counsels absence during a
critical stage of trial [ taking of evidence
in defendants guilt ] denied defendant
the right to a fair trial and was not

subject to harmless error inquiry, this
was done in defendants proceedings.
   In 2003 Judge Alito said states are
free to adopt whatever evidence gathering
rules they wish so long as they [do not]
violate federal constitution. See Williams v
Price 343 F3d 222.
   In Simmons v Beard 356 F. Supp
2d 548 (2005) it says "whenever
the prosecutor knowingly arranges or
[permits] intrusion into the attorney-
client relationship the right to counsel
is sufficiently endangered to require a
reversal".
   The state of Delaware believes as does
our federal government that the 6th Amendment
right to counsel is very important. Under
11 3511 Videotaped depositions [and]
procedures for child witnesses it addresses
or should we say orders the notice and
attendance of defendant and/or his attorney
to secure truthfulness and accuracy and
non coercion of alledged victum. This
confrontation is to secure our 6th Amendment
right to counsel and our 4th and 5th
Amendment right to due process. In the
case at hand neither defendant or his
attorney were present and this shows not
only a violation of Delaware law but also

a federal Constitutional violation that
so infected the trial with unreliability
that the truthfulness was at question.
Yes we admit the judge did have
a Voir dire but did [not] look at said
video prior to addressing Coercion and
truthfulness and assumed that it
didn't exist. Upon rendering this
video to the jury at trial and not
notifying or showing defense prior to
trial that this existed violated the
Brady law and prohibited defendant
from gathering witnesses to defend
himself again violating his due
process rights. (including as exhibit
(A)" Delaware 3511 Videotaped deposition
and procedures for child witnesses")
    In acceptance of these Constitutional
violations and Delaware's own laws
we ask for reversal and recusal of
video and reprimand.
    We also address the issue of not
notifying defense or allowing defense to see
said video before it was presented at trial.
3rd Circuit requires that the opponent be
notified about the evidence and the use
of the residual residual exception.
    see U.S. v Pellullo  964 F2d 193

Also in Kirk v Raymard Ind. Inc.
3rd Circuit says subsequent notice to make
available to acquire witnesses for the
defense is required. (see 61 F 3d 147.)

evidence limited specifically to the rebuttal of such evidence introduced by the prosecutor or given by the complaining witness.

(d) Nothing in this section shall be construed to make inadmissible any evidence offered to attack the credibility of the complaining witness as provided in § 3508 of this title.

(e) As used in this section, "complaining witness" shall mean the alleged victim of the crime charged, the prosecution of which is subject to this section. (60 Del. Laws, c. 257, § 1; 66 Del. Laws, c. 269, § 6.)

## § 3510. Admissibility of certificate of title in criminal proceedings involving motor vehicles.

In any criminal proceeding in which ownership, possession or use of a motor vehicle is an issue, a certified copy of the certificate of title on file with the Division of Motor Vehicles shall be admissible as proof of ownership of the motor vehicle. (64 Del. Laws, c. 276, § 1.)

## § 3511. Videotaped deposition and procedures for child witnesses.

(a) In any criminal case or hearing on delinquency, upon motion of the Deputy Attorney General prior to trial and with notice to the defense, the court may order all questioning of any witnesses under the age of 12 years to be videotaped in a location designated by the court. Persons present during the videotaping shall include the witness, the Deputy Attorney General, the defendant's attorney and any person whose presence would contribute to the welfare and well-being of the witness, and if the court permits, the person necessary for operating the equipment. Only the attorneys or a defendant acting pro se may question the child. The court shall permit the defendant to observe and hear the videotaping of the witness in person or, upon motion by the State, the court may exclude the defendant providing the defendant is able to observe and hear the witness and communicate with the defense attorney. The court shall ensure that:

(1) The recording is both visual and oral and is recorded on film or videotape or by other electronic means;

(2) The recording equipment was capable of making an accurate recording, the operator was competent to operate such equipment and the recording is accurate and is not altered;

(3) Each voice on the recording is identified;

(4) Each party is afforded an opportunity to view the recording before it is shown in the courtroom.

(b) If the court orders testimony of a witness taken under this section, the witness may not be compelled to testify in court at the trial or upon any hearing for which the testimony was taken. At the trial or upon any hearing, a part or all of the videotaped deposition, so far as otherwise admissible under the rules of evidence, may be used as substantive evidence. If only a part of a deposition is offered in evidence by a party, an adverse party may require the party to offer all of it which is relevant to the part offered and any party may offer other parts. Objections to deposition testimony or evidence or parts thereof and the grounds for the objection shall be stated at the time of the taking of the deposition.

*exhibit A*

# Certificate of Service

I, MANUEL NIEVES _____ ,hereby certify that I have served a true

And correct cop(ies) of the attached: HABEAS CORPUS PETITION _____

_____ upon the following

parties/person (s):

TO: DEPUTY ATTORNEY GENERAL _____

   8th. Floor

   Carvel State Office Building

   820 N.French Street

   Wilmington,DE., 19801


TO: DISTRICT COURT OF DELAWARE

   844 KING Street

   Lockbox 18

   Wilmington,Delaware 19801



TO: _____

_____

_____

_____

_____


TO: _____

_____

_____

_____

_____


**BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.**


On this_ _15_____day of ___MAY_____ ,2006

                                     *Manuel Nieves*

UNITED STATES POSTAGE
$01.50
02 12
0004608975
MAILED FROM ZIP CODE 19977

IM MANUEL NIEVES
SBI# 466723    UNIT K D-35
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

DISTRICT COURT of DElaware
844 KinB street
Lock Box 18
Wilming Ton, Delaware
19801

legal work

legal wor,