In The United States District Court
For The District Of Delaware

Manuel Nieves,
Petitioner,

v.

Thomas L. Carroll, Warden
and Carl C. Danberg, Attorney General
for the State of Delaware,
Respondents.

Civ. Act. No. 06-320-GMS

Scanned- BD 9/26/06

2006 SEP 25 PM 3:46
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Petitioner's Reply To The State's Answering Brief

Pursuant to Rule 5 of the Governing Section 2254 Actions, 28 U.S.C. §2254, petitioner state the following in response to the state's answer to his petition for a writ of habeas corpus.

1. Arguendo, the crux of the case against the petitioner seemingly rest on the state's court decision under Superior Court Criminal Rule 35(b).

2. As grounds for this court to deny consideration of the petitioner's writ, the state relies upon Wilmer v. Carroll, 2003 WL 22146750, *5 (D.Del).

3. However, Wilmer is inopposite of the present case for the purpose of either equitable or statutory tolling, under §2244 (d)(2).

4. Recently in Lawrence v. Florida, No. 05-8820, the United States Supreme Court granted a certiorari to resolve a conflict among the circuits on the question of whether AEDPA's time limitation can be

---

1. On October 31, 2003, petitioner filed a reduction of sentence pursuant to Rule 35(a). The state argues that it cannot serve as a tolling principle under post-conviction relief.

tolled during the pendency of a petition for certiorari from a judgment denying state post-conviction relief. Implicit and very important in the grant is that the Court may decide whether limitations periods are tollable during the time a prisoner may petition for a certiorari from the denial of his state post-conviction petition <u>EVEN</u> if he has not done so. For this reason alone, this Court must consider the effect that the <u>LAWRENCE</u> decision holds. And in abeyance stay it's decision in this case, at this time.

5. The statute of limitations was not intended to prevent a court of review from responding on claims years later or, in the event of a reversal, from retrying a case. See 28 U.S.C. §2253(c)(3).

6. Similar, in a Third Circuit Court of Appeals case currently pending, the Court is considering the question of whether a motion failing to challenge the conviction or sentence can act to toll the limitation period. See <u>Hartman v. Carroll</u>, No. 04-4330. Again, this Court must stay its decision in this case pending <u>Hartman's</u> outcome.

7. Consideration of Constitutional Rights may not be thwarted by simply recitation of a rule with which there has been complaince in both substance and form, in every real sense. See <u>Davis v. Wechsler</u>, 263 U.S. 22, 24 (1923); <u>Stub v. City of Baxley</u>, 355 U.S. 313, 318-320 (1958).

8. In as much the state agrees. See state's answer, p. *8 (top paragraph). <u>Lawrie v. Snyder</u>, 9 F.Supp. 2d 428, 454 (D.Del. 1998).

## Conclusion

Based upon the above, the petitioner request that as required by the rules of the Court (all trial transcripts including jury instructions and selection). Along with a stay of any decision in light of <u>LAWRENCE</u> and <u>LAWRIE</u>.

## Certificate of Service

I, __Manuel Nieves__, hereby certify that I have served a true And correct cop(ies) of the attached: __Reply to the State's Answering Brief__ upon the following parties/person (s):

TO: Clerk of the Court
J. Caleb Boggs Building
844 King Street
Locker Box 18
Wilmington, De 19801

TO: Elizabeth R. McFarlan
Deputy Attorney General
820 N. French Street
Wilmington, De 19801

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE**, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __21__ day of __September__, 200__6__

_Manuel Nieves_

I/M MaNuel Nieves
SBI# 464723 UNIT F-D-35
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
22 SEP 2006 PM 1 T

To: Clerk of the court
J-Caleb Boggs Building
844 King street
LockeR Box 18
Wilmington, DE., 19801