# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

MANUEL NIEVES,

PETITIONER

V.                                          NO. 06-320-GMS

THOMAS CARROLL,

WARDEN ET AL,

RESPONDENT.

**PETITIONER BRINGS FORTH A MEMORANDUM**

**AND PETITION FOR EVIDETIARY HEARING**



FILED
MAR 1 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

# CERTIFICATE OF COUNSEL
# FOR CASE NO. 06-320 GMS
# IN THE UNITED STATES
# DISTRICT COURT OF DELAWARE

PETITIONER IS ACTING PRO-SE AND IS SENDING THIS
PETITION IN GOOD FAITH WITH NO PURPOSE OF DELAY

*Manuel Nieves*

SBI# 464723
1181 PADDOCK RD.
SMYRNA DE. 19977

# MEMORANDUM AND PETITION FOR EVIDENTIARY HEARING

THE PETITIONER MOVES THIS COURT RESPECTFULLY FOR AN ORDER TO REVIEW HIS MOTION FOR AN EVIDENTIARY HEARING AND LOOK AT THE MEMORANDUM OF LAW AS SUPPORTING THIS AND GRANTING THE JUSTICE DENIED HIM SO IT WILL BE BROUGHT INTO THE FRONT AND ADDRESSED PROPERLY.

### QUESTION TO BE ADDRESSED

DOES A CLAIM OF 'STRUCTURAL DEFECT', THAT CAUSES INEFFECTIVE COUNSEL, WHICH IS BASED UPON A SPECIFICALLY GUARANTEED **RIGHT BY THE CONSTITUTION AND STATUTES OF THE UNITED STATES AND THE STATE OF DELAWARE,** MAY NONETHELESS, FORM A GROUNDS FOR A PROCEDURAL VIOLATION THAT WOULD HOLD THOSE PARTIES RESPONSIBLE ESPECIALLY IF THOSE VIOLATIONS INFECTED THE ENTIRE TRIAL RESULTING IN A CONVICTION VIOLATING DEFENDANTS RIGHTS TO DUE PROCESS AND **EFFECTIVE** REPRESENTATION DENYING HIM THE 6TH AMENDMENT RIGHT TO ASSISTANCE OF EFFECTIVE COUNSEL AT ALL CRITICAL STAGES?

### TITLE 11 § 3511

**VIDEOTAPED DEPOSITION AND PROCEDURES FOR CHILD WITNESSES**

(a) **IN ANY CRIMINAL CASE** OR HEARING ON DELINQUENCY, UPON MOTION OF THE DEPUTY ATTORNEY GENERAL PRIOR TO TRIAL AND NOTICE TO THE DEFENSE, THE COURT MAY ORDER ALL QUESTIONING OF ANY WITNESSES UNDER THE AGE OF 12 YEARS TO BE VIDEOTAPED IN A LOCATION DESIGNED BY THE COURT. PERSONS PRESENT DURING THE VIDEOTAPED SHALL INCLUDE THE WITNESS, THE DEPUTY ATTORNEY GENERAL, THE

1

DEFENDANT'S ATTORNEY AND ANY PERSON WHOSE PRESENCE WOULD CONTRIBUTE TO THE WELFARE AND WELL-BEING OF THE WITNESS, AND IF THE COURT PERMITS, THE PERSON NECESSARY FOR OPERATING THE EQUIPMENT. **ONLY** THE ATTORNEY OR A DEFENDANT ACTING PRO SE MAY QUESTION THE CHILD. THE COURT SHALL PERMIT THE DEFENDANT TO OBSERVE AND HEAR THE VIDEOTAPING OF THE CHILD IN PERSON OR, UPON MOTION BY THE STATE, THE COURT MAY EXCLUDE THE DEFENDANT PROVIDING THE DEFENDANT IS ABLE TO OBSERVE AND HEAR THE WITNESS AND COMMUNICATE WITH THE DEFENSE ATTORNEY. THE COURT SHALL ENSURE THAT:

(a) THE RECORDING IS BOTH VISUAL AND ORAL AND IS RECORDED ON FILM OR VIDEOTAPED OR BY OTHER ELECTRONIC MEANS;

(b) THE RECORDING EQUIPMENT WAS CAPABLE OF MAKING AN ACCURATE RECORDING, THE OPERATOR WAS COMPETENT TO OPERATE SUCH EQUIPMENT AND THE RECORDING IS ACURATE AND IS NOT ALTERED;

(c) EACH VOICE ON THE RECORDING IS IDETIFIED;

(d) EACH PARTY IS AFFORDED AN OPPORTUNITY TO VIEW THE RECORDING BEFORE IT IS SHOWN IN THE COURTROOM

**(b)** IF THECOURT ORDERS TESTIMONY OF A WITNESS TAKEN UNDER THIS SECTION, THE WITNESS MAY **NOT** BE COMPELLED TO TESTIFY IN COURT AT THE TRIAL OR UPON ANY HEARING FOR WHICH THE TESTIMONY WAS TAKEN. AT THE TRIAL OR UPON ANY HEARING, A PART OR ALL OF THE VIDEOTAPING DEPOSISION, SO FAR AS OTHERWISE ADMISSIBLE UNDER THE RULES OF EVIDENCE, MAY BE USED AS SUBSTATIVE EVIDENCE. IF ONLY A PART OF A DEPOSITION IS OFFERED IN EVIDENCE BY A PARTY, AN ADVERSE PARTY MAY REQUIRE THE PARTY TO OFFER ALL OF IT WHICH IS RELEVANT TO THE PART OFFERED AND ANY

2

| | |
|---|---|
| | PARTYMAY OFFER OTHER PARTS. OBJECTIONS TO DEPOSITION TESTIMONY OR EVIDENCE OR PARTS THEREOF AND THE GROUNDS FOR THE OBJECTION SHALL BE STATED AT THE TIME OF THE TAKING OF THE DEPOSITION. |
| (c) | THE WITNESS NEED NOT BE PHYSICALLY PRESENT IN THE COURTROOM WHEN THE VIDEOTAPE IS ADMITTED INTO EVIDENCE. |
| (d) | THE COST OF SUCH VIDEOTAPING SHALL BE PAID BY THE COURT. |
| (e) | VIDEOTAPES WHICH ARE PART OF THE COURT RECORD ARE SUBJECT TO A PROTECTION ORDER OF THE COURT FOR THE PURPOSE OF PROTECTING THE PRIVACY OF THE WITNESS. |

# TITLE 11 § 3507

**USE OF PRIOR STATEMENTS AS AFFIRMATIVE EVIDENCE**

(a) IN A CRIMINAL PROSECUTION, THE **VOLUTARY** OUT-OF-COURT PRIOR STATEMENT OF A WITNESS WHO IS PRESENT AND SUBJECT TO CROSS-EXAMINATION MAY BE USED AS AFFIRMATIVE EVIDENCE WITH SUBSTANTIVE INDEPENDENT TESTIMONIAL VALUE.

(b) THERULE IN SUBSECTION (a) OF THIS SECTION SHALL APPLY REGARDLESS OF WHETHER THE WITNESS' IN COURT TESTIMONY IS CONSISTENT WITH THE PRIOR STATEMENT OR NOT. THE RULE SHALL LIKEWISE APPLY WITH OR WITHOUT THE PRIOR SHOWING OF SURPRISE BY THE INTRODUCING PARTY.

(c) THIS SECTION SHALL NOT BE CONSTRUED TO AFFECT THE RULES CONCERNING THE ADMISSION OF STATEMENTS OF DEFENDANTS OR OF THOSE WHO ARE CODEFENDANTS IN THE SAME TRIAL. THIS SECTION SHALL ALSO NOT APPLY TO THE STATEMENTS OF THOSE TO WHOM CROSS-EXAMINATION WOULD BE TO SUBJECT TO POSSIBLE SELF-INCRIMINATION.

3

**MISCELLANEOUS STATUTORY CONSTRUCTION AND INTERPRETATION OF LAWS:**

1. "USE OF THE WORD 'SHALL' IN LEGISLATION GENERALLY CONNOTES MANDATORY REQUIREMENTS, WHILE VERB 'MAY' IS DEEMED PERMISSIVE, BUT IS COTEXTUAL ONE AND MERE USE OF TERM DOES NOT CONTROL QUESTION LEGISLATIVE INTENT IF FULL SETTING OF STATUTE SUGGEST DIFFERENT CONSTRUCTION.'(SEE MILLER V. SPICER DEL. SUPR. (1991) 602 A 2d 65)

2. "IN DETRMINING WHETHER STATUTE IS **DIRECTORY** OR **MANDATORY** THE QUESTION IS, WHAT DID THE LEGISLATIVE INTEND THAT THE CONSEQUENCES OF NONCOMPLIANCE WITH THE STATUTE BE."(SEE BARTLEY V.DAVIS DEL. SUPR. (1986) 519 A2d 662.)

3. "FAILURE TO COMPLY WITH A '**MANDATORY**'PROVISION IN A STATUTE RENDERS PROCEEDINGS THERE UNDER TO WHICH THE STATUTE RELATES VOID BY DEFINITION, WHILE THE OBSERVANCE OF A '**DIRECTORY**' PROVISION MAY NOT IN EVERY CASE BE ESSENCIAL TO THE VALIDITY OF SUCH PROCEEDINGS".(SEE STATE EX REL STABLER V. WHITTINGTON DEL. SUPR. (1972) A2d 659.)

4. "THE WORD 'SHALL' WHEN ADDRESSED TO A PUBLIC OFFICIAL IN A STATUTE IS GENERALLY INTERPRETED AS MANDATORY, PARTICULARLY WHERE IT MAY BE INFERRED THAT THE REGULATION IS INTENDED TO PROTECT PERSONS THEREBY". (STABLER).

5. "LEGISLATURE IS NOT TO BE PRESUMED TO HAVE INTENDED TO EFFECT ANY CHANGE IN COMMON LAW BEYOND THAT CLEARLY INDICATED, EITHER BY EXPRESS TERMS OR BY NECESSITY IMPLICATION FROM LANGUAGE USED, AND STATUE SHOULD BE CONSTRUCTED IN CONNECTION WITH PREVIOUS EXISTING STATUTORY LAW ON

4

SUBJECT."(SEE HAZZARD V. ALEXANDER DEL. SUPER. (1935) 178 A 873, 36 DEL. 512, 6 W. W. HARR.512).

6. "OBJECT OF STATUTORY CONSTRUCTION IS TO GIVE A SENSIBLE AND PRACTICLE MEANING TO STATUTE AS A WHOLE IN ORDER THAT IT MAY BE APPLIED IN FUTURE CASES WITHOUT DIFFICULTY."(SEE THOMAS V. VELTRE DEL. SUPER. (1997) 381 A2d 245.)

7. "LEGISLATIVE MANDATES WHICH IS CLEAR AND OFFENDS NO CONSTITUTIONAL NORMS MUST BE OBEYED."(SEE STATE V. NICHOLSON DEL. SUPR. (1975) 334 A 2d 230).

8. "COURTS MUST GIVE EFFECT TO LAW AS EXPRESSED OUT OF STATUTE." DEL. CONST. ART IV & 1 ET. SEQ. (SEE BRYERTON V. MATTHEWS DEL. SUPER. (1963) 188 A2d 228, 55 DEL. 447, AFFIRMED IN PART ,REVERSED IN PART, 193 A 2d 83, 56 DE. 222, 6 STOREY 222).

9. "GOAL OF STATUTORY CONSTRUCTION, IN ALL CASES, IS TO ASCERTAIN AND GIVE EFFECT TO THE INTENT OF THE LEGISLATURE."(SEE RUBICK V. SECURITY INSTUMENT CORP. DEL. SUPR. (2000) 766 A2d 15).

10. "COURT'S GOAL IS TO ASCERTAIN AND GIVE EFFECT TO THE INTENT OF THE LEGISLATURE, WHICH MEANS, AMONG OTHER THINGS, THAT COURT'S INTERPRETATION OF STATUTORY PROVISIONS SHOULD BE CONSISTENT WITH THE PURPOSE OF THE STATUTE."(SEE RUBICK)

11. "THE GOAL OF THE STATUTORY CONSTUCTION IS TO DETERMINE AND GIVE EFFECT TO LEGISLATIVE INTENT". (SEE ELIASON V. ENGLEHART DEL. SUPR. (1999) 733 A2d 944, REH. DEN.).

12. "COURTS ARE BOUND TO RECOGNIZE AND ENFORCE THE EXCLUTIONARY INTENT OF LEGISLATIVE ENACTMENT."(SEE CEDE &CO. V. TECHNICOLOR, INC DEL. SUPR. (2000) 758 A2d 485, REH. DEN, ON REM.2001 WL 515106).

5

13. "IN CONSTRUING A STATUTE, COURTS ATTEMPT TO ASCERTAIN AND GIVE EFFECT TO THE INTENT OF THE LEGISLATION."(SEE INGRAM V. THORPE DEL. SUPR. (2000) 747 A2d 545)

14. "IF THERE IS UNCERTAINTY, THE STATUTE MUST AS A WHOLE IN A MANNER THAT AVOIDS ABSURD RESULTS."(SEE INGRAM).

15. "IF STATUTE IS AMBIGUOUS, COURTS MUST SEEK TO RESOLVE AMBIGUITY BY ASCETAINING LEGISLATIVE INTENT."(SEE SNYDER V. ANDREWS DEL. SUPR. (1998) 708 A2d 237).

16. "IF POSSIBLE, STATUTE MUST BE CONSTRUED TO ACHIEVE COMMON SENSE RESULTS, RESULTS WHICH IS IN HARMONY WITH **CONSTITUTIONAL PRINCIPLES**, AND TO AVOID CONSTRUCTION WHICH WOULD LEAD TO UNREASONABLE OR ABSURD RESULTS."(SEE STATE V. BAKER DEL. SUPR. (1996) 679 A2d 1002).

17. "COURTS HAVE DUTY TO READ STATUTORY LANGUAGE SO TO AVOID CONSTITUTIONAL QUESTION ABILITY AND PATENT ABSURDITY AND TO GIVE LANGUAGE ITS REASONABLE AND SUITABLE MEANING."(SEE STATE V. SAILOR DEL SUPR. (1995) 687 A2d 1247).

# TESTIMONIAL STATEMENTS
# "STRUCTURAL DEFECT" MAKING COUNSEL INEFFECTIVE

**U.S. v HINTON** 423 F3d 355 "TESTMONIAL STATEMENTS ARE INADMISSIBLE IN A CRIMINAL PROSECUTION **ABSENT** A SHOWING THAT THE DECLARANT IS **UNAVAILABLE** AND THE DEFENDANT HAD A **PRIOR** OPPORTUNITY FOR CROSS EXAMINATION, REGARDLESS OF WHETHER THE STATEMENTS AT ISSUE FAIL WITHIN A FIRMLY ROOTED HEARSAY EXCEPTION."

**CRAWFORD** 124 S.CT. 59 "CONFRONTATION CLAUSE PROHIBITS THE ADMISSION OF TESTIMONIAL STATEMENTS MADE BY WITNESSES OUTSIDE OF COURT **UNLESS** THE WITNESSES ARE UNAVAILABLE AND THE DEFENDANT HAD PREVIOS OPPORTUNITY TO CROSS EXAMINE."

**FLONNORY v STATE** 893 A2d 507, 126 S.CT. 66 "STATEMENTS A DECLARANT MAKES TO THE POLICE ARE 'TESTIMONIAL' UNDER **CRAWFORD v WASHINGTON**

**CRAIG** 110 S.CT. 3166 "TO BE CONSTITUIONAL THE VIDEOTAPING PROCEDURES **MUST** ASSURE THE RELIABILITY OF THE CHILD TESTIMONY EVEN THOUGH THE TESTIMONY IS NOT GIVEN IN THE PHYSICAL PRESENCE OF THE DEFENDANT, JUDGE AND JURY. IN OTHER WORDS THE TESTIMONY **MUST** BE FUNCTIONALLY EQUIVALIENT TO LIVE, IN-COURT TESTIMONY AND MUST BE SUBJECT TO REGOROUS ADVERSE TESTING."

**RICHARDSON v NEWLAND** 342 F. SUPP. 2d 900 THE COURT SAID "THE U.S. SUPREME COURT HAS HELD THAT CONFRONTATION CLAUSE **BARS** THE STATES FROM INTRODUCING INTO EVIDENCE OUT-OF-COURT STATEMENTS WHICH ARE TESTIMONIAL IN NATURE **UNLESS** THE WITNESS IS UNAVAILABLE AND THE DEFENDANT HAD A PRIOR OPPORTUNITY TO CROSS-EXAMINE THE WITNESS, REGARDLESS OF WHETHER THE STATEMENTS ARE DECLAARED RELIABLE." ALSO SEE **BRUTON v U.S.** 88 S.CT.1620 AND **LEE** 106 S.CT. 2056

**DESEST v U.S.** 89 S.CT. 1030 ARGUING **MAPP v OHIO** 81 S.CT. 1684 THE COURT SAID IN IT DECISION " REQUIRING THE EXCLUSION OF ILLEGALLY OBTAINED EVIDENCE HAVE BEEN BASED ON THE NECESSITY OF AN EFFECTIVE DETERRANT TO ILLEGAL POLICE ACTION."

7

CONDUCT PRETRIAL DISCOVERY THAT GIVES WAY TO FAILURE TO FILE A MOTION TO SURPRESS ILLEGALLY OBTAINED EVIDENCE IS INEFFECTIVE ASSISTANCE OF COUNSEL."

**STABLER v WHITTINGTON** A2d 659 "FAILURE TO COMPLY WITH A MANDATORY PROVISION IN A STATUTE RENDERS PROCEEDINGS THERE UNDER TO WHICH THE STATUTE RELATES **VOID** BY DEFINITION."

    THE SECOND ELEMENT OF STRICKLAND TEST FOR INEFFECTIVE ASSISTANCE OF COUNSEL REQUIRES THAT A PETITIONER SHOW THAT BUT FOR COUNSEL UNPROFESSIONAL ERRORS, THE EXIST A REASONABLE PROBABILITY THAT THE TRIAL RESULTS WOULD HAVE BEEN DIFFERENT. **STRICKLAND** SUPRA AT 688. SPECIFICALLY, IT IS WITHOUT QUESTION THAT PETITIONERS ATTORNEY DENIED HIM OF EFFECTIVE COUNSEL THAT DENIED HIM HIS RIGHT TO CONFRONTATION UNDER DLEAWARE 11 C § 3511, AND THIS DENIAL BROUGHT FORTH ILLEGAL EVIDENCE THAT THE JURY RELIED ON TO MAKE THEIR DECISION. IF PETITIONER WAS ALLOWED TO PARTICIPATE AS THE STATUTE COMMANDS THE COERDION AND MANIPULATION OF QUESTIONS WOULD NOT HAVE EXISTED AND THE TRUTH WOULD HAVE BEEN REVEILED BRINGING FORTH AN INNOCENT VERDICT.

Plaintiff has served a true copy of said petition on Dept of Justice 820 N. French St. Wilmington De. 19801

3/10/08

x Manuel Neeves

9

I/M MANUEL NIEVES
SBI# 464723   UNIT E-D-35
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk Office
US District Court of Delaware
844 King St. Lock Box 18
Wilmington Delaware 19801