IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MANUEL NIEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-320-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Manuel Nieves. *Pro se* petitioner.

Elizabeth McFarlan.   Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

**MEMORANDUM OPINION**

April 16 , 2008
Wilmington, Delaware

---

[1]Warden Perry Phelps assumed office in January, 2008, replacing former warden Thomas Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

Sleet, Chief Judge

## I. INTRODUCTION

Petitioner Manuel Nieves ("Nieves") filed the pending petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I.2.) Nieves is incarcerated at the Delaware

Correctional Center in Smyrna, Delaware. For the reasons discussed, the court concludes that the

petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In August 2001, Nieves was arrested and charged with twenty-eight counts of first degree

rape of a child under twelve years old, ten counts of second degree unlawful contact, and two

counts of second degree rape and continuing abuse of a child. All of these charges stemmed

from Nieve's sexual abuse of his then eight-year old goddaughter, Jocelyn. During Nieves' trial,

Jocelyn testified that she often spent the night at Nieves' house between June 18, 2000 and July

5, 2001. Jocelyn stated that Nieves touched her inappropriately during her visits and forced her

to engage in acts of fellatio and cunnilingus. Nieves also showed her pornographic movies.

Sometimes Jocelyn's friend, Dyanna, spent the night with her at Nieves' house. Jocelyn testified

that Nieves also engaged Dyann in inappropriate acts. Jocelyn eventually told her mother,

Madelyn, in July 2001 that Nieves had been molesting her. Madelyn took Jocelyn to the hospital

and called the police, after which Jocelyn was interviewed at the Child Advocacy Center. (D.I.

17, State's Ans. Br. in *Nieves v. State*, No.352,2002.)

In March 2002, a Superior Court jury convicted Nieves of twenty counts of first degree

rape, ten counts of second degree unlawful sexual contact, one count of second degree rape, and

one count of continuing sexual abuse of a child. *See Nieves v. State*, 2005 WL 1200861, at *1

1

(Del. May 18, 2005). The Superior Court sentenced Nieves to 322 years of imprisonment on May 24, 2002. Nieves appealed, and the Delaware Supreme Court affirmed his convictions and sentence. *Nieves v. State*, 817 A.2d 804 (Table), 2003 WL 329589 (Del. Feb. 11, 2003).

In October 2003, Nieves moved for modification of his sentence, but the Superior Court denied the motion as time barred. (D.I. 17, Del. Super. Ct. Crim. Dkt. Entry Nos. 31, 32.) Thereafter, in May 2004, Nieves submitted an application for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court rejected the application because it was not signed. (*Id.* at Entry No. 33.) Nieves then filed a Rule 61 motion on June 8, 2004, and the Superior Court denied the motion on August 16, 2004. *State v. Nieves*, 2004 WL 1874669 (Del. Super. Ct. Aug. 16, 2004). The Delaware Supreme Court affirmed that decision in May 2005. *Nieves v. State*, 873 A.2d 1099 (Table), 2005 WL 1200861, at *2 (Del. May 18, 2005).

Nieves filed his federal habeas petition on May, 2006. (D.I. 2, at p. 15.) The petition presents the following three claims: (1) ineffective assistance of counsel; (2) Nieves' rights under the Confrontation Clause were violated by the use of a videotaped statement of Jocelyn's at trial; and (3) the prosecutor violated Nieves' due process rights by failing to inform the defense about Jocelyn's videotape. (D.I. 2; D.I. 23.) The State filed an answer, asking the court to deny the petition as untimely. (D.I. 11.) Nieves filed a reply brief addressing the limitations issue, and he also filed a response re-asserting the arguments supporting his habeas claims. (D.I. 18; D.I. 23.)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320,

336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas

petitions by state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant petition is subject to the one-year limitations period contained in §

2244(d)(1). *See Lindh*, 521 U.S. at 336. Nieves does not allege, nor can the court discern, any

facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period

of limitations began to run when Nieves' conviction became final under § 2244(d)(1)(A).

The Delaware Supreme Court affirmed Nieves' convictions and sentence on February 11,

2003, and he did not seek certiorari review by the United States Supreme Court. *Nieves*, 2003

WL 329589, at *2. As a result, Nieves' conviction became final, and the one-year limitations

3

period began to run, on May 12, 2003.[2]  *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir.

1999)(holding that the limitation period under 2244(d)(1)(A) begins to run upon the expiration of

the 90 day period for seeking review in the Supreme Court.).  Thus, Nieves had until May 12,

2004 to timely file his petition.  *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that

Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Nieves did not file the petition until May 15, 2006, two years after the expiration of the

AEDPA's limitation period.[3]  Accordingly, the petition is time-barred, unless the limitations

period can be statutorily or equitably tolled.  *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.

1999).  The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year

limitations period during the time the collateral proceeding is pending, including any post-

conviction appeals, provided that the application for collateral review is filed prior to the

expiration of the AEDPA's one-year period.  *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204

F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at \*2 (D. Del. Sept. 23,

---

[2]*See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitation period under 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court.)

[3]A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court.  *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  Presumably, Nieves could not have presented the petition to prison officials for mailing any earlier than May 15, 2006, the date on the petition.  Therefore, the court adopts May 15, 2006 as the filing date.  *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

4

2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Lovasz v. Vaughn*, 134 F. 3d 146, 148 (3d Cir. 1998).

In this case, none of Nieves' attempts to obtain post-conviction review in the Delaware state courts trigger the tolling provision of § 2244(d)(1). It appears that Nieves' motion for modification of sentence was filed pursuant to Rule 35(b), and therefore, does not trigger statutory tolling under § 2244(d)(2).[4] *See Hartmann v. Carroll*, 492 F.3d 478, 483-84 (3d Cir. 2007). Moreover, even if Nieves' Rule 35(b) motion could trigger § 2244(d)(2), the motion was not "properly filed" because the Superior Court denied the motion as time-barred. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Nieves' first Rule 61 motion does not toll the limitations period because the Superior Court denied it as "non-conforming." *See, e.g., Austin v. Caroll*, 224 Fed. Appx. 161 (3d Cir. 2007). And finally, although Nieves properly filed his second Rule 61 motion, that motion also does not toll the limitations period because it was filed on June 8, 2004, 25 days after the expiration of AEDPA's one-year filing period. Thus, Nieves' petition is time-barred unless equitable tolling of the limitations period is warranted.

---

[4]The record does not contain a copy of Nieves' motion for modification of sentence. However, the Superior Court denied the motion because it was filed more than 90 days after the imposition of sentence, indicating that the motion was filed pursuant to Rule 35(b) rather than Rule 35(a). (D.I. 17, Del. Super. Ct. Crim. Dkt. at Entry No. 32.)

5

### C. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in very rare situations. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. New Jersey State Dept. of Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Nieves does not assert, and the court cannot discern, that any extraordinary circumstances prevented him from filing his petition with the court in a timely manner. Further, even if Nieves' failure to comply with AEDPA's limitations period was due to a mistake in computing the time-period, such mistakes do not warrant equitable tolling. *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094,

at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the court will dismiss the petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The court has concluded that Nieves' § 2254 petition is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Nieves' application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate order will be entered.

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MANUEL NIEVES,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Civil Action No. 06-320-GMS
                                        )
PERRY PHELPS, Warden, and               )
JOSEPH R. BIDEN, III,                   )
Attorney General of the State           )
of Delaware,                            )
                                        )
            Respondents.                )

## O R D E R

At Wilmington, this _16_ day of _April_ _____, for the reasons set

forth in the Memorandum Opinion issued this date;

            IT IS HEREBY ORDERED that:

            1. Petitioner Manuel Nieves' application for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254 (D.I. 2.) is **DISMISSED**, and the relief requested therein is **DENIED**.

            2. The court declines to issue a certificate of appealability, because Petitioner has failed

to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

CHIEF, UNITED STATES DISTRICT JUDGE



FILED

1 6 2008

U.S. DISTRICT COURT
OF DELAWARE