# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

MANUEL NIEVES,

    PETITIONER,

v.

PERRY PHELPS, WARDEN, AND

JOSEPH R. BIDEN, III,

    RESPONDANTS.

CIVIL ACT. NO. 06-320-GMS



FILED
JUN – 4 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**MOTION FOR IMMEDIATE REVERSE AND REMAND TO DELAWARE SUPERIOR COURT WITH PLAINTIFF RETURNED TO THE POSITION HE OCCUPIED PRIOR TO TRIAL**

CIVIL ACTION No. 06-320-GMS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

**PETITIONER ACTING PRO-SE ASKES THIS COURT TO REVERSE AND REMAND TO DELAWARE SUPERIOR COURT IMMEDIATELY AND RETURN HIM TO THE POSITION OF AN INDIVIDUAL WHO MERITS FREEDOM THAT HE ENJOYED PRIOR TO THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS FOR THE FOLLOWING REASONS:**



FILED
JUN _ 4 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Maryland v. Craig** set the standard by which a child witness can constitutionally testify against a defendant at trial in the absence of face-to-face confrontation with the defendant. 110 S.Ct. 3157. **Craig** held that defendant's right to confrontation is satisfied when (1) the denial of confrontation is necessary to further an important public policy and (2) where the reliability of the testimony is assured. Id @ 3166. **Craig** held that a child-witness may testify out of the presence of the defendant when necessary to further the states interest in protecting the physical and psychological well-being of its children. Id @ 3167. To insure that the state denies face-to-face confrontation only to further this purpose, the state *must* show on a case by case basis that the procedure is necessary to protect the particular child involved. Id @3169 also **Del. § 3511**. The trial court *must* hear expert testimony regarding the particular child and *must* make specific findings that the child would be traumatized, not by the courtroom generally, but by the presence of the defendant, in more than a de mine-mus amount. Id.

To be constitutional, the video-taping procedure *must* assure the reliability of the child's testimony even though the testimony is not given in the physical presence of the defendant, judge and/or jury. **Craig 110 S.Ct. 3166**. In other words the testimony *must* be functionally equivalent to **live, in-court testimony** and *must* be subject to rigorous adversarial testing .Id also see 11 Del. 3511 is where Delaware **instituted** statutes to insure the reliability and non-coercion of child-witnesses with it's ***DEPOSITIONS AND PROCEDURES FOR VIDEO-TAPING CHILD WITNESSES***. In these mandated rules it gives the guide lines for video-taping and who is to be present and ask the questions. In case at hand both Delaware and Federal law were violated. By not following those procedures that insure a fair and just trial and prejudiced the petitioner.

**Griffith v. Kentucky 479 U.S. 332** mandates that all cases **state or federal** pending on *direct review*, as case at hand, are not final and *must* follow federal laws. The Supreme Court of the United States has since held that the confrontation clause *[bars]* the states from introducing into evidence out-of-court statements which are testimonial in nature [unless] the witness is unavailable and the defendant had a **prior** opportunity to cross- examine the witness, regardless of whether such statements are deemed reliable **RICHARDSON v. NEWLAND 342 F. Supp. 2d 900**. This was **denied** the petitioner violating his constitutional rights.

# Supreme Court of the United States
# Ruled in DANFORTH v. MINNESOTA
# No.06-8273

**JUSTICE STEVENS** delivered the opinion of the Court.

New constitutional rules announced by this Court that place certain kinds of primary individuals conduct beyond the power of the states to proscribe, as well as "**water-shed**" rules of criminal procedures, [**must**] be applied in all future trials, [**all**] cases **pending on direct review,** and all federal habeas corpus proceedings. All other new rules of criminal procedures **must** be applied in future trials and in cases pending on direct review, but may not provide the basis for a federal collateral attack on a state-court conviction.... In **Crawford v. Washington**, 541 U.S. 36, 68-69 (2004) WE HELD THAT WHERE TESTIMONIAL STATEMENTS ARE AN ISSUE, "**THE ONLY INDICIUM OF RELIABILITY SUFFICIENT TO SATISFY CONSTITUTIONAL DEMANDS IS THE ONE THE CONSTITUTION ACTUALLY PRESCRIBES: CONFRONTATION.**" THUS MANDATING THE "NEW RULE" IN CRAWFORD TO ALL THE STATES.

**CRAWFORS v. WASHINGTON** 124 S.CT. 1354 (**March 8,2004**) The Supreme Court of the United States said "THE CONFRONTATION CLAUSE [BARS] THE STATES FROM INTRODUCING INTO EVIDENCE OUT-OF-COURT STATEMENTS WHICH ARE TESTIMONIAL IN NATURE UNLESS THE WITNESS IS UNAVAILABLE AND THE DEFENDANT HAD A PRIOR OPPORTUNITY TO CROSS-EXAMINE THE WITNESS, REGUARDLESS OF WHETHER THE STATEMENTS ARE DECLARED RELIABLE."

Page 73

TERRI KAISER - DIRECT

1 writes that down?
2 A. I do.
3 Q. You do.
    About how long was your interview with the
5 child?
6 A. I believe it was 50, 55 minutes maybe.
7 Q. Have you seen a copy of the interview?
8 A. Yes, I have.
9 Q. Is it a true and accurate description of your
10 interview with the child?
11 A. Yes.
12    MR. VEITH: That's the copy. Any objection?
13    MR. AHERN: No, assuming what it is
14 represented, yeah.
15    MR. VEITH: State's next exhibit is the copy of
16 the interview.
17    THE CLERK: State's Exhibit 10.
18    MR. VEITH: Thank you.
19    (State's Exhibit No. 10 was admitted into
20 evidence.)
21    MR. VEITH: Your Honor, at this time the State
22 would move to play the audio. It's about an hour long.
23 I don't know if you want to take a break at this time or

Page 74

TERRI KAISER - DIRECT

1 go right into it, a ten-minute break.
2    THE COURT: Why don't we take a ten-minute
3 break and we'll listen to the tape recording and then
4 break for lunch for about an hour, if that's acceptable
5 to counsel.
6    MR. VEITH: That's fine.
7    MR. AHERN: That's fine, Your Honor.
8    THE COURT: Take the jury out, please.
9    (The jury leaves the courtroom, 11:50 a.m.)
10    (A short recess was taken.)
11    THE COURT: Are you ready?
12    MR. VEITH: Yes, Your Honor, we're ready.
13    THE COURT: Would you bring the jury back,
14 please.
15    (The jury entered the courtroom, 12:03 p.m.)
16    THE COURT: Where's the defendant? Did we
17 forget about that?
18    THE CLERK: Just like I forgot the swearing in.
19 I'll get Dave.
20    (Pause.)
    MR. VEITH: Your Honor, the State moves to play
22 the tape at this time.
23    THE COURT: All right.

Page 75

1    (Audiotape played, 12:07 p.m. to 1:02 p.m.)
2    (Pause.)
3    THE COURT: Ladies and gentlemen, we are going
4 to break for lunch now. And it's two o'clock.
5    All right with you, gentlemen?
6    MR. VEITH: That's fine.
7    MR. AHERN: Yes, Your Honor.
8    THE COURT: I'll ask you to please return to
9 the jury room at two o'clock. Again, let me just review
10 that you're not to discuss this case with anyone. Have
11 a nice lunch.
12    (The jury leaves the courtroom, 1:03 p.m.)
13    THE COURT: Counsel, anything?
14    MR. VEITH: No, Your Honor.
15    MR. AHERN: No, Your Honor.
16    THE COURT: Court stands in recess.
17    (A lunch recess was taken at 1:03 p.m.)
18
19    - - - - -

Page 76

TERRI KAISER - DIRECT

1    2:07 p.m.
    Courtroom No. 103
2    The same day

3 PRESENT:

4    As before noted.

5    MR. VEITH: Your Honor, we're ready.
6 Ms. Kaiser can retake the stand.
7    THE COURT: All right.
8    Will you bring the jury back, please.
9    (The jury entered the courtroom, 2:08 p.m.)
10    THE COURT: Good afternoon, ladies and
11 gentlemen. We're are to proceed.
12    MR. VEITH: Thank you.
13
14    FURTHER DIRECT EXAMINATION
15
16 BY MR. VEITH:
17 Q. Ms. Kaiser, I just have a few follow-up
18 questions for you.
19    You had an opportunity to review that videotape
20 prior to it being admitted into evidence?
21 A. Yes.
22 Q. You gave some testimony earlier about how the
23 audio and video system works at the Child Advocacy

**Desist v. U.S. 89 S.Ct. 1030** arguing **Mapp v. Ohio 81 S.Ct. 1684** ruled that an exclusionary rule of illegally obtained evidence extends to the states and requires the exclusion of illegal evidence to deter illegal police actions.

Due the importance of this constitutional violation the petitioner asks this court to rule immediately and reverse and remand along with issuing an order to release the petitioner to the status he was at prior to trial. The petitioner also asks this court to issue an order excluding said illegal video and place upon the state a mandate of time to recharge petitioner seeing time has diminished his capacity to defend himself, to find defense witnesses and to bring forth evidence that doesn't exist because of the lapse of time. With this illegal action petitioner feels the alleged victim has been manipulated to the point he could not now receive a fair trial. He asks this court to act appropriately.

*manuel nieves*
..............................

Cc; Dept. of Justice

## Certificate of Service

I, _Manuel Nieves_, hereby certify that I have served a true And correct cop(ies) of the attached: _Petitioner's Reply_ upon the following parties/person (s):

TO: _Clerks Office_
_U.S District Court of Delaware_
_J. Caleb Daggs Building Lock Box 18_
_844 King street_
_Wilmington, DE. 19801_

TO: _Elizabeth R. McFarlan_
_Department of Justice_
_820 N. French street_
_Wilmington, DE. 19801_

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _2_ day of _June_, 200_8_

_Manuel Nieves_

I/M Manvel Nieves
SBI# 464723  UNIT E-D-35
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
05 JUN 2008 PM 2 T

US District Court
Bryon Fedual Building
844 King Street
Wilmington De
19801